UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN ANTHONY REILLY,

    Plaintiff,

v.                                          Case No.:  2:19-cv-917-FtM-38MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff John Anthony Reilly filed a Complaint on December 31, 2019.  (Doc. 1).  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, disability insurance benefits, and supplemental security income.  The Commissioner filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum detailing their respective positions.  (Doc. 18).  For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**      **Social Security Review Procedures**

To begin, the Undersigned considers the procedural process of appealing a denial of benefits.  *See Counts v. Comm'r of Soc. Sec.*, No. 6:09-CV-2157-ORL-22KRS, 2010 WL 5174498, at *7 (M.D. Fla. Dec. 15, 2010).  Initially, the claimant will

receive a determination on the entitlement to benefits. 20 C.F.R. § 404.902. If the claimant is dissatisfied with this determination, the initial step of the administrative review process allows him to request reconsideration. 20 C.F.R. § 404.907. If the claimant is dissatisfied with the determination made on reconsideration, he may request a hearing before an Administrative Law Judge ("ALJ"), but must do so within sixty days after receiving notice of the previous determination. 20 C.F.R. §§ 404.929; 404.933(b)(1). Receipt of the notice is presumed five days after the date of the notice unless the claimant establishes that he did not receive it during that time. 20 C.F.R. § 404.901. If dissatisfied with the hearing decision or the request is dismissed, the claimant may request that the Appeals Council review the decision. 20 C.F.R. § 404.967. The Appeals Council will deny or dismiss the request for review or grant the request and issue a decision or remand the case to an ALJ. *Id*.

## II. Procedural History

On November 20, 2017, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, asserting an onset date of January 1, 2009. (Tr. at 72-79).[1] In the applications, Plaintiff listed his address as 3100 Areca Ave., Apt. 3, Naples, FL 34112. (*Id*. at 72, 78). The Social Security Administration denied the applications on January 9, 2018, and mailed the denials to that address. (*Id*. at 61-71).

---

[1] Unless otherwise noted, citations to specific pages of the transcript are to the pagination in the CM/ECF legend.

After retaining counsel on March 2, 2018, Plaintiff notified the Social Security Administration of the appointment, listing Plaintiff's address as 3260 Karen Drive, Naples, FL 34112 and counsel's address as P.O. Box 101110, Cape Coral, FL 33910 (*Id*. at 40, 60). Plaintiff then filed a request for reconsideration on March 6, 2018, again listing his address as 3260 Karen Drive Naples, FL 34112. (*Id*. at 20-21). On March 22, 2018, the Social Security Administration sent a notification receipt to Plaintiff at 3260 Karen Drive Naples, FL 34112. (*Id*. at 32, 92).

Throughout April 2018, the Social Security Administration, the Disability Determination Services, and Plaintiff's counsel communicated via phone, fax, and mail. (*Id*. at 28, 31, 34, 97). On April 25, 2018, the Social Security Administration denied both requests for reconsideration, allegedly mailed the denials to Plaintiff's address at 3260 Karen Drive Naples, FL 34112, and mailed a courtesy copy to his attorney at the office's P.O. Box. (*Id*. at 36-38, 46-59).

On July 27, 2018, and September 5, 2018, Plaintiff, through his attorney, sent facsimiles to the Social Security Administration office requesting status updates and stating, "[c]onsider this an appeal of any denial notices." (*Id*. at 34, 35).[2] Having received no response, Plaintiff visited the Social Security Administration's local office on April 2, 2019, seeking a status update of his claims. (*Id*. at 28). Following

---

[2] The Undersigned notes that although the July and September facsimiles appears to read as Plaintiff's counsel asserts, the words are not fully legible in the transcript of the administrative record. (Tr. at 34, 35). For this Report and Recommendation, the Undersigned assumes Plaintiff's averments as to the contents of those communications are true.

that visit, Plaintiff notified his counsel of the April 25, 2018, denial. (*Id*.). That same day, Plaintiff's attorney followed up with the Social Security Administration seeking a status update and stating that "[i]f this claimant has been denied and we have not yet received any denial notice please consider this a formal appeal of any and all denial notices." (*Id*. at 45). In response, the Social Security Administration sent copies of the April 2018 denials on April 8, 2019, and Plaintiff's attorney received them on April 12, 2019. (*Id*. at 28).

Subsequently, Plaintiff submitted a formal Request for a Hearing by an ALJ on June 14, 2019, listing his address as 2260 Kearney Avenue Naples, FL 34117. (*Id*. at 22-23, 42-43). Plaintiff also sent a Statement of Good Cause for Untimely Filing on June 26, 2019, summarizing Plaintiff's efforts to obtain status updates. (*Id*. at 27-30). The statement included affidavits from both Plaintiff and the employee responsible for opening counsel's mail, stating that neither had received notices of reconsideration until April 12, 2019. (*Id*. at 29-30).

Jeffrey Hoffman, a Claim Service Representative of the Social Security Administration, assessed the Statement of Good Cause for Untimely Filing on July 3, 2019, and found that Plaintiff had not established good cause. (*Id*. at 24-25). Specifically, Mr. Hoffman noted the discrepancies in Plaintiff's addresses between the denial letters and the request for a hearing and that Plaintiff was responsible for notifying the Social Security Administration of any address changes. (*Id*. at 25). Additionally, he noted that the notices indicated that the Social Security Administration sent Plaintiff's counsel courtesy copies of the denials. (*Id*.).

4

### III. Summary of the Administrative Law Judge's Decision

On July 22, 2019, the ALJ issued a Notice of Dismissal. (*Id*. at 6-10). Specifically, the ALJ found that Plaintiff had not established good cause for his untimely filing because Plaintiff failed to "establish[] that he did not receive this determination within 5 days" of the mailing date of the denial. (*Id*. at 9). Although the ALJ acknowledged Plaintiff's and his counsel's averments that they had not received the denials, she concluded that because the notices were mailed to the same address as Plaintiff's address on the notice of appointment of counsel, "[o]ne can assume" the notices were received. (*Id*. at 10). Moreover, the ALJ noted that even if Plaintiff and his counsel did not know of the denials until April 2, 2019, they did not request a hearing until June 14, 2019, more than two months after the alleged discovery. (*Id*.).

Plaintiff filed a request for review by the Appeals Council on August 26, 2019. (*Id*. at 17-19). On October 30, 2019, the Appeals Council denied Plaintiff's request. (*Id*. at 1-2). Plaintiff subsequently filed this Complaint (Doc. 1) in the United States District Court on December 31, 2019. This case is ripe for review.

### IV. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are

5

conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## V. Analysis

As an initial matter, Defendant has voluntarily waived any argument that judicial review is unavailable in this case. (Doc. 18 at 2 (citing Doc. 14 at 1)). Notwithstanding such a waiver, the Court has jurisdiction over an appeal of a denial of a hearing before an ALJ. *Wright v. Colvin*, No. 3:12-CV-1007-J-32TEM, 2013 WL 5567409, at *5 (M.D. Fla. Oct. 9, 2013).

On appeal, Plaintiff raises one issue. As stated by the parties, the issue is:

> WHETHER THE PLAINTIFF HAD GOOD CAUSE FOR FILING THE REQUEST FOR HEARING MORE THAN SIXTY DAYS AFTER THE DATE OF THE NOTICE OF RECONSIDERATION.

(Doc. 18 at 9). The Undersigned addresses the issue below.

Plaintiff contends that the Social Security Administration's failure to grant him an opportunity to be heard despite establishing good cause for his delay in requesting a hearing violates his due process rights. (*See id.* (quoting *McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596 (11th Cir. 2016))). Indeed, Plaintiff argues that he is "statutorily entitled to a hearing" and has, therefore, "raised a colorable constitutional claim." (*Id.* (citing *Counts v. Comm'r of Soc. Sec.*, No. 6:09-CV-2157-ORL, 2010 WL 5174498, at *6 (M.D. Fla. Dec. 15, 2010)). Specifically, Plaintiff contends that in providing affidavits that neither he nor his attorney received notices of reconsideration, he has shown good cause under 20 C.F.R. §§ 404.911(b), 416.1411(b) for the untimely request. (*Id.* at 10). Plaintiff, thus, argues that "the ALJ failed to properly consider whether the Plaintiff had good cause for requesting a hearing more than 60 days after the date on the reconsideration notice." (*Id.* at 14). In support, Plaintiff gives several arguments, summarized below.

First, Plaintiff contends that although the ALJ appears to be relying on the presumption that he or his attorney received the notice, the presumption was not triggered because the Social Security Administration failed to include a statement or declaration from an employee stating that the letters had sufficient postage or were

7

mailed. (*Id.* at 10-11 (quoting *Counts*, 2010 WL 5174498, at *9)). Even so, Plaintiff contends that if the presumption was triggered, Plaintiff and his counsel "rebutted it by submitting affidavits stating that they did not receive the notice of reconsideration." (*Id.* at 11 (citing *Pizarro v. Comm'r of Soc. Sec.*, No. 6:12-CV-801-ORL-37, 2013 WL 869389, at *10 (M.D. Fla. Jan. 24, 2013), *report and recommendation adopted,* No. 6:12-CV-801-ORL-37, 2013 WL 847331 (M.D. Fla. Mar. 7, 2013))).

Next, Plaintiff notes that the ALJ apparently faulted him for not notifying the Social Security Administration of the change in address. (*Id.* at 11-12). Plaintiff argues, however, that this finding is erroneous because the affidavits state that the notices were mailed to the proper address. (*Id.*). Accordingly, Plaintiff asserts that "[t]he ALJ did not properly review the Plaintiff's affidavit." (*Id.* at 12).

Plaintiff also contends that he had requested a hearing as early as July 28, 2018, through his correspondence seeking a status update. (*Id.*). Indeed, Plaintiff appears to argue that he filed a request for a hearing in compliance with the statutes and rules. (*Id.*). Specifically, he argues that his facsimiles on July 27, 2018, and September 5, 2018, constituted an implied request for hearing because it "expresse[d] disagreement or dissatisfaction with the prior action or state[d] the intent to pursue appeal rights." (*See* Doc. 18 at 10 (quoting HALLEX I-2-0-40(A), Note 1)). Plaintiff contends that the ALJ did not address this contention despite including it in his Statement of Good Cause. (*Id.* at 12-13, 14).

8

Finally, Plaintiff argues that he took reasonable steps to follow up on his case by sending multiple written correspondence, calling the Social Security Administration, and visiting the office. (*Id.* at 13). Plaintiff also notes that because it typically takes three to six months to receive a determination, it was reasonable for Plaintiff "not to expect a determination less than two months after" filing for reconsideration. (*Id.*).

In response, the Commissioner argues that Plaintiff has "wholly failed" to address the proper standard of review, abuse of discretion. (*Id.* at 15). In support of his argument, the Commissioner notes that under the pertinent regulations, the ALJ may dismiss an untimely request for a hearing when no extension of time to request it has been granted. (*Id.* at 15-16). As a result, the Commissioner contends that the ALJ was authorized to dismiss Plaintiff's untimely request because "[i]ndisputably, Plaintiff did not file a hearing request or obtain an extension request to request such hearing by Friday, June 29, 2018, sixty-five (65) days after the agency issued the reconsideration denial notices." (*Id.*). The Commissioner, therefore, argues that Plaintiff has not established and cannot establish that the ALJ abused her discretion in finding that the request was untimely. (*Id.*).

Next, the Commissioner argues that Plaintiff has not established that the ALJ abused her discretion in finding that Plaintiff did not have good cause for his untimely request. (*Id.* at 16-17). Specifically, the Commissioner contends that the ALJ cited all pertinent regulations in his decision. (*Id.*).

9

Finally, the Commissioner argues that the ALJ properly found that Plaintiff had not established good cause for his untimely request. (*Id.* at 17-18). In support of this argument, the Commissioner points out that the ALJ noted Plaintiff's and his counsel's allegations that they did not receive the notices but found that the allegations did not establish good cause. (*Id.* at 17). Specifically, the Commissioner argues that the ALJ properly found that Plaintiff had not exercise due diligence in following up on his claim because although Plaintiff argues that he and his counsel had regular contact with the Social Security Administration, Plaintiff did not visit the office until April 2, 2019, and did not provide a notification of a change of address. (*Id.* at 17-18). Accordingly, the Commissioner argues that "the ALJ properly assumed" that Plaintiff and counsel received the denial notices because they were sent "to the then current addresses for both Plaintiff and his representative" and Plaintiff has not otherwise established good cause to extend the time to request a hearing. (*Id.* at 18 (citing Tr. at 10)).

Furthermore, the Commissioner points out that the ALJ considered other factors as well. (*Id.* at 18-19). The Commissioner argues that the ALJ also relied on Plaintiff's admission that he learned of the denial on April 2, 2019, but did not file for a hearing until June 14, 2019, seventy-three days later. (*Id.* at 18). The Commissioner, therefore, argues that substantial evidence supports the ALJ's determination because Plaintiff has failed to establish that the ALJ abused her discretion in determining that no good cause existed for the untimely request. (*Id.* at 19).

10

Finally, the Commissioner argues that Plaintiff's due process rights have not been violated because the regulations do not entitle a claimant to a hearing if the claimant did not file a timely request for a hearing. (*Id.* at 19-20). Thus, the Commissioner argues that upon determining that Plaintiff had filed untimely and had not established good cause for doing so, the ALJ could deny the request. (*Id.* at 20).

As a threshold matter, the Undersigned finds that the appropriate standard of review is whether substantial evidence supports the Commissioner's dismissal of the case for failure to timely file a request for an administrative hearing. *See Wright*, 2013 WL 5567409, at *5 (applying substantial evidence standard); *Counts*, 2010 WL 5174498, at *10 (same). Accordingly, the Commissioner's arguments concerning abuse of discretion (Doc. 18 at 15) are inapposite. Even under an abuse of discretion standard, however, the result would be the same for the reasons explained below.

Here, substantial evidence exists to support the ALJ's determination. As noted above, the ALJ may dismiss a request for a hearing if the request was untimely. 20 C.F.R. § 404.957(c)(2). Thus, the statutory right arises only if the claimant makes a request within sixty days of receiving the notice of denial. 42 U.S.C. § 405(b)(1). That date can be extended, however, upon a showing of good cause for missing the deadline. 20 C.F.R. §§ 404.933(c). In determining whether good cause exists, the ALJ should consider these four factors:

> (1) what circumstances prevented the claimant from making the request on time; (2) whether any action by the Social Security administration misled the claimant; (3) whether

11

>the claimant did not understand the Act or his rights under it, and; (4) whether any physical, mental, or educational limitations prevented the claimant from filing the timely request.

*Wright*, 2013 WL 5567409, at *6 (citing 20 C.F.R. § 404.911(a)).

The regulations also provide a list of possible reasons for missing the deadline, including:

>(1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.
>
>(2) There was a death or serious illness in your immediate family.
>
>(3) Important records were destroyed or damaged by fire or other accidental cause.
>
>(4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.
>
>(5) You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeal Council review or filed a civil suit.
>
>(6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit.
>
>(7) You did not receive notice of the determination or decision.
>
>(8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.

12

> (9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely.

20 C.F.R. § 404.911(b). Nevertheless, the ALJ rarely finds good cause existed for missing the deadline. *Wright*, 2013 WL 5567409, at *7 (citing *Coby v. Astrue*, No. 09-0544-CG-M, 2009 WL 4730727, at *2 (S.D. Ala. Dec. 4, 2009)).

Having reviewed the record and the parties' arguments, the Undersigned finds that there is substantial evidence to support the ALJ's finding.

As an initial matter, the Undersigned is persuaded that the record lacks sufficient evidence to give rise to the presumption that Plaintiff and his attorney received the April 2018 notices. For the presumption to arise, there must be "proof that the item was properly addressed, had sufficient postage, and was deposited in the mail." *Counts*, 2010 WL 5174498, at *9 (quoting *Pettway ex rel. Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1361 n.15 (S.D. Ala. 2002)); *see also Pizarro*, 2013 WL 869389, at *9. Here, while the notices were properly addressed, there is no evidence that they were sufficiently stamped or mailed. (*See* Tr. at 53-58). Additionally, even if the presumption did arise, it was rebutted by the affidavits filed by Plaintiff stating that neither he nor his counsel received the notices. *See Pizarro*, 2013 WL 869389, at *10 (holding that the presumption of receipt, if applicable, was rebutted by the plaintiff's sworn statement that she did not timely receive the notice).

Nevertheless, the error is harmless. Indeed, "[a]n error is harmless if it does not affect the ALJ's ultimate decision." *Santos v. Soc. Sec. Admi., Comm'r*, 731 F.

13

App'x 848, 852 (11th Cir. 2018). And here, while the ALJ erroneously relied on the presumption, she, nonetheless, considered other evidence when making her decision. (Tr. at 9-10). Specifically, the ALJ found that Plaintiff has not established good cause for his delay in not filing a timely request after receiving actual knowledge of the denial. (*Id.* at 10). Assuming *arguendo* that Plaintiff and his attorney did not know about the denials until April 2, 2019, Plaintiff still did not request a hearing until seventy-three days later, on June 14, 2019. (Tr. at 42). Plaintiff, however, offered the ALJ no evidence of good cause for this delay in filing, relying only on good cause for the initial delay and his due diligence in seeking status updates. (*See id*. at 27-28). Notably, in the cases that Plaintiff cites, the plaintiffs filed the request timely after receiving actual notice. (*See* Doc 18 at 11). Specifically, in *Pizarro v. Commissioner of Social Security*, the plaintiff filed the request "[w]ithin days" of learning of the denial, *Pizarro*, 2013 WL 869389, at *1, and in *Counts v. Commissioner of Social Security*, the plaintiff filed the request the day after receiving notice of the denial, *Counts*, 2010 WL 5174498, at *1. Accordingly, the Undersigned finds that substantial evidence exists to support the ALJ's conclusion that the Plaintiff failed to establish good cause for the delay from April 2019 to June 2019.

Furthermore, the Undersigned is unpersuaded by Plaintiff's arguments that he impliedly requested a hearing in his July and September 2018 and April 2, 2019, facsimiles. (*See* Doc. 18 at 12-13). While the Undersigned acknowledges that Note 1 of Hallex 1-2-0-40(A) permits an implied hearing "when the claimant expresses disagreement or dissatisfaction with the prior action or states the intent to pursue

14

appeal rights," a mere statement to "[c]onsider this an appeal of any denial notices," (Tr. at 34, 35), or "[i]f the claimant has been denied and we have not yet received any denial notice please consider this a formal appeal of any and all denial notices," (*Id.* at 45), is insufficient to put the Social Security Administration on notice of what decision the claimant is intending to appeal.  Indeed, the Undersigned has not found, and Plaintiff has not provided, any case in which such a broad and vague letter has been construed by the Court as constituting a request.  Moreover, it seems inherent in the language of Hallex 1-2-0-40(A) and POMS § GN03103.010(A)(4) that the claimant be aware of the denial notice.[3]  To hold otherwise would put an undue burden on the Social Security Administration to construe every broadly stated disagreement, without more–including confidence that a determination has even been made–as a request for a hearing, and, thus, permit claimants to send letters monthly while awaiting a determination.  Accordingly, the Undersigned recommends that the presiding United States District Judge decline to put such a burden on the Social Security Administration.

Finally, the Undersigned finds that substantial evidence exists for the ALJ to find that Plaintiff failed to exercise due diligence in following up on his claim.  Specifically, the ALJ found that Plaintiff had not exercised his due diligence because he did not visit the Social Security Administration office until nearly a year after the

---

[3] To the extent that Plaintiff may be arguing that the April 2, 2019, facsimile differs from the other two because he knew of the denial, the Undersigned finds that the briefs, letter of good cause, and facsimile itself letter itself do not address the same.

15

denial. (Tr. at 9-10). Although Plaintiff followed up several times from July through December 2018 and received no response,[4] it was not until April 2, 2019—more than a year after filing for reconsideration—that Plaintiff visited the office to check on his claim. (*Id.* at 27-28). Plaintiff's counsel admits that based on her experience it typically takes three to six months for a decision and, yet, Plaintiff waited over twelve months to visit the office. (*Id.*; Doc. 18 at 13). Based on the record in this case, the Undersigned finds that substantial evidence exists to support the ALJ's finding that Plaintiff failed to do his due diligence in following up with the Social Security Administration.

In sum, although the Undersigned finds that the ALJ erred in relying on the presumption that the notices were received, that error is harmless and does not change the result because Plaintiff offered no evidence of the existence of good cause for missing the deadline after receiving actual notice of the denials on April 2, 2019. (*See* Tr. at 27-28). As a result, the Undersigned finds that the ALJ's ultimate decision was supported by substantial evidence. Alternatively, even if the Court were to apply an abuse of discretion standard, the result would be the same. *See Drake v. Comm'r of Soc. Sec.,* No. 5:14-CV-691-OC-18PRL, 2016 WL 3763225, at *2 (M.D. Fla. June 17,

---

[4] The Undersigned notes that the Commissioner appears to question whether these facsimile transmissions were received because they are neither in Plaintiff's file nor accompanied by the requisite cover sheet. (*See* Doc. 18 at 19 n.12). Because it does not ultimately change the Undersigned's conclusion, however, the Undersigned finds that this contention need not be addressed.

2016), *report and recommendation adopted,* No. 5:14-CV-691-OC-18PRL, 2016 WL 3753485 (M.D. Fla. July 13, 2016).

## VI.    Conclusion

Upon consideration of the parties' submissions and the administrative record, the Undersigned finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards. Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The decision of the Commissioner be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court be directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on January 19, 2021.

Mac R. McCoy
United States Magistrate Judge

17

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties